UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ISRAEL CORONADO | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | |
| THE CITY OF MERCEDES, HENRY | § | |
| HINOJOSA, and DAGOBERTO CHAVEZ, JR. § | | **JURY TRIAL DEMANDED** |

## COMPLAINT

1.      It is a fundamental American right to speak out against elected officials, and to run for elected office yourself, when you disagree with those in power. But on December 3, 2019, officials from the City of Mercedes targeted one of its own citizens, abusing the State's police powers to retaliate and to silence criticism. Israel Coronado brings this action under 42 U.S.C. § 1983 law for violations of his First Amendment rights and false arrest, and to hold Mercedes' leaders accountable to the Constitution they swore to uphold.

## PARTIES

2.      Plaintiff Israel Coronado is a resident of Mercedes in Hidalgo County, Texas.

3.      Defendant City of Mercedes is a municipality in the State of Texas.

4.      Defendant Henry Hinojosa was at all pertinent times the Mayor of the City of Mercedes. He is being sued in his individual capacity. At all pertinent times, Hinojosa was acting within the course and scope of his authority as Mayor of the City of Mercedes and under color of state law and the custom and usage, patterns, and practices of the City of Mercedes.

5.      Defendant Dagoberto Chavez, Jr. was at all pertinent times employed as a Chief of Police by the City of Mercedes Police Department ("MPD"). He is being sued in his individual capacity. At all pertinent times, Chief Chavez was acting within the course and scope

1

of his authority as an employee of the City of Mercedes and under color of state law and the custom and usage, patterns, and practices of the City of Mercedes.

## JURISDICTION AND VENUE

6.     Coronado brings this action under the U.S. Constitution, 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§1331, 1343(a)(3)-(4).

7.     Venue is proper in the Southern District of Texas because all of the events made the basis of this complaint occurred in Hidalgo County, Texas, which is within the Southern District of Texas.

## FACTS

**Mercedes City Commission Bars the Media and Arrests Activists**

8.     On September 17, 2019, members of the Mercedes community attended an open meeting of the Mercedes City Commission. The agenda included action to censure, and to schedule a hearing to remove, Commissioner Leonel Benavidez. Benavidez was first elected in May 2019, and at the time of the meeting had served less than 5 months as Commissioner.

9.     Even in his short time in office, Commissioner Benavidez had developed a reputation of questioning the Mayor, the City Manager, the Chief of Police, and others within the City's leadership. Many community members attending the meeting, including Plaintiff Israel Coronado, saw the agenda items regarding censure and removal as a strong-arm tactic to silence a critic. Benavidez's supporters intended to speak out against the agenda items during the public comments section of the Commission meeting.

10.     Seeing community activism as a threat to their effort to remove Benavidez, the Mayor and the Chief of Police did the unthinkable: They had the doors to City Hall locked before the meeting began. In doing so, they excluded dozens of members of the public ready to

speak. They also locked out reporters and camera crews intending to cover the City Commission's discussion.

11.     Inside City Hall, before the start of the meeting scheduled for 6:00 p.m, Mayor Hinojosa and three other City Commissioners, along with the City Manager and City Attorney, sat at the dais overlooking the crowd that managed to get inside City Hall before it was locked. A member of the public attending the meeting was upset at what he perceived was a shove by the City Attorney on his way into the meeting. After tense words were exchanged, the members of the public speaking to the City Attorney began to take their seats. But rather than allow them to sit, Mercedes PD arrested the residents.

12.     Israel Coronado was among those gathered at Mercedes City Hall to protest. He watched horrified as police officers made arrests. Before the start of the 6:00 p.m. meeting, three residents were arrested and two City Commissioners walked out of the meeting rather than participate. However, the meeting began as scheduled, exactly at 6:00 p.m.

13.     Coronado was not part of the group of residents arrested that evening. Instead, Coronado continued to observe the City Commission meeting.

**Coronado's History of Community Activism**

14.     Israel Coronado has a long history of community activism. He has been a consistent vocal critic of local governments.

15.     Coronado's social media accounts are full of impassioned speeches and explicit commentary on the state of affairs in Mercedes government. Soon after the floods of June 2018, Coronado created a citizen's movement to improve drainage in the City of Mercedes, dubbed Mercedes Will Drain Again. A Facebook page created for this effort allowed Mercedes residents to voice their concerns to City officials. Coronado himself consistently spoke directly to City

officials through videos published to the Facebook page, criticizing lack of City services to clean existing drains and spending taxpayer money on frivolous expenditures instead of addressing drainage issues.

16.     After the floods of June 2019, Coronado and a group of volunteers distributed supplies to affected residents. He then set began speaking out regarding drainage improvements and demanded action from local government.

17.     After the arrests during the September 2019 meeting, Coronado organized a recall effort of the Mayor of Mercedes and City Commissioner Leandro Villareal. Through his campaign to collect signatures, he addressed the public about political oppression, lack of transparency, and poor fiscal management of taxpayer money. After collecting the required number of signatures for the recall effort, Coronado turned in the signatures only to have them rejected by the City Secretary.

**Coronado Announces Candidacy for Mayor of Mercedes**

18.     On November 25, 2019, Coronado announced that he would run for Mayor of Mercedes. In his announcement, he denounced several actions taken by the Mercedes City Commission. Most recent to the announcement, Coronado criticized the City's purchase of a $65,000 Christmas tree and two related custom signs imported from France for $27,000. Including shipping costs, in total, the LED tree cost the City $107,000. Coronado publicly questioned the purchase, urging that the money would have been better spent to fix potholes, clean the City, and improve drainage.

**Coronado's Announcement Leads to His Politically Motivated Arrest**

19.     In response, the City of Mercedes' elected leadership deployed the full force of its police powers to prevent Coronado from exercising his clearly established First Amendment

4

right to criticize them and to run for elected office. The City's retaliation was swift, calculated, and deliberate, authorized and instigated entirely by the final decision makers—the Mayor and Chief of Police.

20.     On December 3, 2019, Coronado was arrested. That night, Coronado and several other Mercedes residents attended the Mercedes City Commission meeting to observe the Commission deliberate over public agenda items. At approximately 9:08 p.m., three hours after the start of the meeting, the Commission entered closed session. While in closed session, Coronado left City Hall for what he thought was a brief trip. He drove to a nearby Little Caesars to pick up pizza for the community activists who would remain with him at City Hall until the end of the City Commission meeting.

21.     What Coronado did not know was that he was followed by police officers on the orders of the Mayor and Chief Chavez. Once at the Little Caesars, police officers arrested Mr. Coronado. The charge was as unexpected as the arrest itself: disrupting a meeting or procession, a Class B misdemeanor.

22.     That the charge was a complete fabrication was plainly obvious: Coronado was not in a public meeting at the time of his arrest. He was buying pizza for hungry activists. In fact, the specific meeting that Mr. Coronado was accused of disrupting—the September 17 meeting where three other residents were arrested—had occurred three months *before* the night of his arrest.

23.     Despite the outrageousness of the charge and the naked abuse of power, Coronado did not resist arrest. He complied with all instructions and called his wife to pick up his vehicle. Mercedes police insisted on booking Coronado in the City jail for the night.

24.     The City's Chief of Police conspired in the action as well. As Mercedes top law enforcer, Chief Chavez should have known the limits on criminal arrests in retaliation for protected First Amendment activity. Nevertheless, he executed and sanctioned the Mayor's unconstitutional retaliation, and presented an arrest warrant to Justice of the Peace Gilbert Saenz based on false statements.

25.     What happened to Coronado is a chilling reminder that even our country's most basic and sacred rights remain vulnerable when government officials target those who speak out against them.

**Coronado's Charges Are Dismissed Without Prosecution**

26.     On May 15, 2020, the Hidalgo County District Attorney's office moved to dismiss the criminal complaint against Mr. Coronado, without ever prosecuting the charge. With that, all criminal liability was closed, but the public shaming, mental anxiety, and corrupt actions instituted by the Defendants have already taken effect. Coronado has lost and will continue to lose monetarily as a result of having an arrest record, even if the arrest was completely baseless and dismissed.

## CAUSES OF ACTION

**A.     42 U.S.C. § 1983—Retaliatory Arrest For Engaging in Protected Speech**

27.     Coronado has a right to petition the government under the First Amendment of the United States Constitution, a right to exercise free speech at public meetings, and a right to run for elected office. Coronado furthermore has the right to engage in these constitutionally protected acts without fear of retaliation by the government.

28.     No probable cause existed to arrest Coronado. The arrest was made solely to retaliate against Coronado for exercising his rights to petition the government, to exercise free

6

speech at public meetings, and to run for Mayor of Mercedes. That is, Coronado's arrest would not have occurred absent the retaliatory motive.

29.     Moreover, the City of Mercedes, through the Mayor and Chief of Police, determined that the City should retaliate against Coronado for exercising his right to petition the government, right to free speech, and/or right to run for Mayor of Mercedes.

30.     The City of Mercedes, through the Mayor and Chief of Police, for themselves and by direction to subordinate officers and employees, has engaged in an intentional campaign to harass and damage Coronado's reputation.

31.     The City of Mercedes, through the Mayor and Chief of Police, formed a premeditated plan to intimidate Coronado in retaliation for his criticisms of city officials and/or for announcing that he would run for Mayor of Mercedes. The City of Mercedes, through the Mayor and Chief of Police, executed that plan by ordering Coronado's arrest on December 3, 2019.

32.     The City of Mercedes, through the Mayor and Chief of Police, formed an official policy to retaliate against Coronado.

33.     The City of Mercedes, the Mayor, Chief of Police, officers, and employees have acted under color of state law in effecting the City's policies.

34.     Defendants deprived Coronado of rights secured to him under the First Amendment of the United States Constitution, including Coronado's right to petition the government for redress of grievances, his right to speak freely on public issues, and his right to run for elected office.

35.     Defendants accomplished these deprivations by harassing and retaliating against Coronado, culminating in his arrest on December 3, 2019, which was ordered by the Mayor and the Chief of Police.

36.     The City of Mercedes intended by each of these actions to punish and retaliate against Coronado for exercising his First Amendment Rights and to deter Coronado and others from exercising such rights in the future.

37.     Each of the actions set forth above in this complaint were taken pursuant to a custom, policy, or decision made a government official with final policymaking authority, namely the Mayor of Mercedes and the Chief of Police.

38.     As a result of the City of Mercedes's campaign to harass, retaliate, and punish Coronado, Coronado has been deprived of his right to petition the government and exercise free speech as secured under the First Amendment, and his right to be free from retaliation.

39.     As a result of the City of Mercedes's campaign to harass, retaliate and punish Coronado, Coronado has been deprived of both substantive and procedural due process guaranteed under the Fourteenth Amendment of the United States Constitution.

40.     As a result of the City of Mercedes's campaign to harass, retaliate against, and punish Coronado, Coronado has been deprived of equal protection guaranteed under the Fourteenth Amendment by virtue of the City of Mercedes's discriminatory and disparate treatment of Coronado in the application of its policies, procedures, regulations, ordinances and other laws.

41.     As result of the actions and conduct of Defendants, Coronado has no adequate remedy at law and is suffering irreparable injury as a result of the City of Mercedes's ongoing campaign to harass him which injury cannot be redressed in the absence of a permanent and

mandatory injunction requiring the City of Mercedes to end its campaign of intentional harassment and retaliation against Coronado in response to Coronado's exercise of his rights of free speech, to petition City of Mercedes for the redress of grievances, and to run for Mayor of Mercedes.

42.     The acts of Defendants described above were maintained under color of the law of the State of Texas and under the color of the individual Defendants' respective offices as officers and agents of the State of Texas and of the City of Mercedes.

43.     Each of the individual defendants organized, conspired, or participated in the intentional scheme to punish and retaliate against Coronado for Coronado having exercised his rights of free speech, to petition City of Mercedes for the redress of grievances, and to run for Mayor of Mercedes.

44.     The City of Mercedes, through the Mayor and Chief of Police, actually formed a retaliatory policy to intimidate Coronado. Coronado's December 3, 2019 arrest constituted an official act by the City because it was ordered by the Mayor and Chief of Police pursuant to the City of Mercedes's official policy to intimidate Coronado. The City of Mercedes would not have arrested Coronado but for Coronado exercising his rights to petition the government, exercise free speech at public meetings, and to run for elected office.

45.     Coronado has suffered damage as a result of Defendants' violation of his Civil Rights including but not limited to:

       a.     Damage to his reputation;

       b.     Embarrassment, public humiliation, emotional distress, and mental anguish;

        c.      Damages for out of pocket expenses incurred as a result of defendants' wrongful actions;

        d.      Attorneys' fees and costs incurred by Coronado as a result of and in response to defendants' deprivation of Coronado's civil rights.

        e.      Attorneys' fees and costs incurred by Coronado in response to each individual wrongful act committed by defendants in furtherance of the City of Mercedes's overall scheme to harass, retaliate against, and punish Coronado.

46.      Coronado has employed the undersigned to pursue this action and has contracted to pay a reasonable attorneys' fee, for which fees and the costs of this action.

47.      Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendants and others from engaging in this type of unlawful conduct.

48.      All conditions precedent to the filing of this action has occurred or has been waived.

49.      WHEREFORE, Coronado respectfully requests that this Court enter judgment as follows:

        a.      Awarding compensatory damages as a result of defendants' deprivation of Coronado's civil rights as secured by the United States Constitution, including compensatory damages for (i) damage to his reputation; (ii) embarrassment, public humiliation, emotional distress, and mental anguish ; (iii) damages for out of pocket expenses incurred as a result of defendants' wrongful actions; (iv) attorneys' fees and costs incurred by Coronado as a result of and in response to Defendants' deprivation of Coronado's civil rights; and (v) attorneys' fees and costs incurred by Coronado in response to each individual wrongful act committed by defendants

in furtherance of the City of Mercedes's overall scheme to harass, retaliate against, and punish Coronado.

        b.    Enter a mandatory permanent injunction enjoining defendants, their agents, employees, and all others acting in concert with them from taking any further retaliatory action against Coronado or further demeaning or disparaging Coronado's character.

        c.    Awarding Coronado fees and costs in this action under 42 U.S.C. § 1988.

        d.    Awarding punitive damages against the individual defendants; and

        e.    Awarding such further and other relief as may be deemed just and proper.

**B.**    **42 U.S.C. § 1983—FALSE ARREST**

50.    On December 3, 2019, Coronado was arrested after leaving a Mercedes City Council meeting to pick up food for activists who had gathered at the meeting.

51.    Coronado was arrested at the direction of the Mayor and Chief of Police pursuant to a custom, policy, or decision made a government official with final policymaking authority.

52.    Coronado had a Fourth and Fourteenth Amendment right to be free from wrongful arrest under the circumstances in which he was arrested.

53.    No officer could have reasonably believed there to be probable cause to arrest Coronado.

54.    The City of Mercedes, through its police department, intentionally arrested and detained Coronado without probable cause in that the City of Mercedes knew or had reason to know at the time of his arrest and detention that Coronado had not committed any crime.

55.    Coronado was charged with disrupting a meeting or procession, a Class B misdemeanor.

56.     State prosecutors declined to prosecute Coronado and the charge was dismissed on May 15, 2020.

57.     The City of Mercedes's detention of Coronado was unreasonable and unwarranted by the circumstances in that Coronado is a resident of the City of Mercedes who had not committed any crime.

58.     Coronado's arrest was publicized in the City of Mercedes and throughout the Rio Grande Valley in print and television coverage.

59.     Coronado has suffered damage as a result of the false arrest including, but not limited to:

      a.   Damage to his reputation;

      b.   Embarrassment, public humiliation, emotional distress, and mental anguish;

      c.   Attorneys fees incurred in securing his release.

60.     All conditions precedent to the filing of this action has occurred or has been waived.

61.     WHEREFORE, Coronado respectfully requests that this Court enter judgment as follows:

      a.     Awarding compensatory damages as a result of damage to his reputation; embarrassment, public humiliation, emotional distress, and mental anguish;

      b.     Awarding attorney fees incurred in securing his release; and

      c.     Awarding such further and other relief as may be deemed just and proper

62.     Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendants and others from engaging in this type of unlawful conduct.

### JURY DEMAND

1.       Coronado asserts his right under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### ATTORNEYS' FEES

2.       Coronado is entitled to recover attorneys' fees, costs, litigation expenses, and expert fees, as allowed, pursuant to 42 U.S.C. §1988, 12205.

### JOINT AND SEVERAL LIABILITY

3.       All Defendants are jointly and severally liable.

### ALTERNATE PLEADINGS

4.       If any alleged facts and/or causes of action pled herein are inconsistent, they are pled in the alternative.

### CONCLUSION AND PRAYER

5.       For all the foregoing reasons, Coronado prays for judgment against all Defendants for actual and compensatory damages, declaratory relief, injunctive relief, reasonable attorney fees, post-judgment interest, and costs of suit. Coronado also prays for punitive damages against the Defendants. Finally, Coronado seeks all other additional relief as the Court deems just and proper.


Dated: June 23, 2020

*/s/ Omar Ochoa*
Omar Ochoa
S.D. Tex. Bar No. 2081960
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
oochoa@omarochoalaw.com

**Attorney for Israel Coronado**

13