IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ISRAEL CORONADO | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | M – 20 – 169 |
| THE CITY OF MERCEDES, HENRY | § | |
| HINOJOSA, and DAGOBERTO CHAVEZ, JR. | § | JURY REQUESTED |

# DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

Defendants **CITY OF MERCEDES, TEXAS, HENRY HINOJOSA** and **DAGOBERTO CHAVEZ, JR.** submit this Motion for Partial Dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.

### SUMMARY OF THE ARGUMENT

1.01    Plaintiff's Original Petition alleges causes of action against Defendants pursuant to 42 U.S.C. § 1983 for violation of his First Amendment rights to freedom of speech and to petition, his Fourteenth Amendment rights to substantive and procedural due process and to equal protection of the laws, his Fourth and Fourteenth Amendment rights to be free from wrongful arrest, and for conspiracy for exercising his rights of free speech and to petition, and he requests compensatory and punitive damages, attorney's and expert witness fees, litigation expenses and costs.

1.02    Coronado may not pursue a Fourteenth Amendment claim for an alleged violation of First or Fourth Amendment rights, however.  In addition, he has not identified facts to establish that he had a property interest in a right to any particular process, necessary to establish a due process claim.  Without a property interest of which he was deprived, established by the Mercedes City Commission, Coronado had no constitutional right to any specific process.  His due process claims must therefore be dismissed.

1.03    Nor has Coronado identified facts to establish a claim of conspiracy to violate his rights, including how he may overcome the intracorporate conspiracy doctrine.  Likewise, he cannot pursue a claim for punitive damages against the City of Mercedes, and he has not alleged a violation on which he could recover expert witness fees or litigation expenses from any Defendant.  Each of those claims should be dismissed as well.

## II.

## FACTUAL ALLEGATIONS

2.01    Plaintiff Coronado alleges he has a history of community activism, with "social media accounts … full of impassioned speeches and explicit commentary on the state of affairs in Mercedes government." Plntf's Cmplt, Dkt No. 1, ¶¶ 14 – 15. On December 3, 2019, he was arrested and charged with disrupting a meeting or procession, *i.e.*, a Mercedes City Commission meeting on September 17.  *Id.* at ¶¶ 8, 20 – 22.  He claims those charges were false and that Defendant Police Chief Chavez "presented an arrest warrant to Justice of the Peace Gilbert Saenz based on false statements."  *Id.* at ¶¶ 22 & 24.  On May 15, 2020, the Hidalgo County District Attorney's office moved to dismiss the criminal complaint against Coronado without prosecuting the charge.  *Id.* at ¶ 26.

## III.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

3.01 Before an Answer has been filed, the proper mechanism for challenging the claims made is through FRCP 12(b)(6). At this stage, the Court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg,* 667 F.3d 591, 600 (5th Cir. 2012). In ruling on a Rule 12(b)(6) motion, the Court must accept as true all of the Plaintiff's well-pled allegations. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

3.02 The Court need not accept at face value any factually unsupported legal conclusions, however. *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). *See also Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001). The Court is not required to accept ultimate conclusions that do not flow from the factual description of the case. *Id.,* 238 F.3d at 388, *citing* 5A C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d §1357, at 319-20 (1990). *See also Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) ("In order to avoid dismissal for failure to state a claim ... a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept

as true conclusory allegations or unwarranted deductions of fact."); *Burgos v. Group & Pension Adm'rs, Inc.,* 286 F. Supp. 2d 812, 814-15 (S.D. Tex. 2003).

3.03 "Factual allegations must be enough to raise a right to relief above the speculative level, … [and not simply] create[] a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., *quoting Twombly*, 127 S. Ct. at 1955.

3.04 In evaluating a Complaint, Courts must undertake the "context-specific" task of evaluating whether the well pleaded allegations give rise to an entitlement of relief that is plausible, rather than merely possible or conceivable, with "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re So. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008), *quoting Twombly*, 550 U.S. at 556.

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the

> factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950, *quoting Twombly*, 550 U.S. at 555 & FED. R. CIV. P. 8(a)(2).

  3.05 The plausibility standard concerns the factual allegations of a complaint. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn under the relevant legal theory." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995), *quoting* 3 C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d § 1216, at 156-59). Thus, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id., quoting* 2A MOORE'S FEDERAL PRACTICE ¶ 1207, at 12-91.

## IV.

## ARGUMENT AND AUTHORITIES

**A. Coronado cannot pursue a Fourteenth Amendment claim for violation of the First or Fourth Amendments.**

  4.01 Coronado alleged a general violation of his due process rights under the Fourteenth Amendment to the U.S. Constitution. Plntf's Cmplt, Dkt No. 1, ¶ 39. He claims

that the City had a "campaign to harass, retaliate, and punish" him, presumably for speaking or petitioning, thus depriving him of substantive and procedural due process. *Id*. He appears to contend that the violation of his First Amendment rights to speech and association thereby also deprived him of his Fourteenth Amendment rights to substantive and procedural due process. Plntf's Cmplt, Dkt No. 1, ¶ 39. He similarly complains he was wrongfully arrested in violation of the Fourth and Fourteenth Amendments. *Id.*, at ¶¶ 51 – 54, 57. He complains that his arrest was unreasonable, unwarranted and without probable cause because he had not committed any crime. *Id.*

      4.02    Coronado cannot repackage a First or Fourth Amendment claim to establish a Fourteenth Amendment due process violation, however. *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Van Deelen v. Cain*, 628 F. App'x 891, 897 (5th Cir. 2015). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright,* 510 U.S. at 273, 114 S. Ct. at 813, *quoting Graham* v. *Connor,* 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989). *See also, County of Sacramento v. Lewis*, 523 U.S. 833, 842-43, 118 S. Ct. 1708, 1714-16, 140 L. Ed. 2d 1043 (1998). In particular, it is the *Fourth* Amendment that provides the standard for evaluation of his wrongful arrest claim, not the Fourteenth. *Baker v. McCollan*, 443 U.S. 137, 144, 99 S. Ct. 2689, 2694, 61 L. Ed. 2d 433 (1979). Coronado's alleged Fourteenth Amendment due process claims of retaliation arising out of his speech, petition and arrest must therefore be dismissed.

### B. Coronado has not identified a Fourteenth Amendment Due Process claim.

4.03 Though Coronado argues that he had a protected due process right in his speech, petition, and from arrest, he has not identified any action of any Defendant that would constitute a violation of an *established* due process right. To establish a viable due process claim, Coronado was required to first identify a property interest, which he has not done. *Blackwell v. Laque*, 275 Fed. App'x 363, 368 (5th Cir. 2008). *See also Bishop v. Wood*, 426 U.S. 341, 343-47, 96 S. Ct. 2074, 2077-78, 48 L. Ed. 2d 684 (1976); *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 344 (5th Cir. 2006), *cert. denied*, 549 U.S. 1112, 127 S. Ct. 1038, 166 L. Ed. 2d 704 (2007); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333-34 (5th Cir. 1986).

4.04 "Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995), *citing Perry v. Sindermann*, 408 U.S. 593, 599-601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972). Nor are property interests created by unilateral understanding or belief. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972).

4.05 An established property interest must stem from an independent source, but Coronado has not identified any such source. *Id*. His general allegation of entitlement did not establish a constitutionally protected property interest, however. *Thompson v. Bass*,

616 F.2d 1259, 1265 (5th Cir.), *cert. denied*, 449 U.S. 983 (1980). In order for the alleged right to be legally enforceable as to constitute a property interest, Coronado would need proof that the governing body itself, *i.e.*, the City Commission, somehow approved that right. *See Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994), *aff'd in part & rev'd in part on other grounds*, 1994 U.S. App. LEXIS 4673 (5th Cir. Mar. 9, 1995); *Montez v. South San Antonio ISD*, 817 F.2d 1124, 1125 (5th Cir. 1987). He must also show that the process used by Defendants somehow lacked fundamental fairness. *See N.C. Dep't of Revenue v. Kimberley Rice Kaestner 1992 Family Tr.*, 139 S. Ct. 2213, 2219, 204 L. Ed. 2d 621 (2019).

  4.06 Because Coronado has not identified any contract or "express rules or policies limiting the conditions under which" his speech, petition or arrest could be regulated, he has not identified an alleged due process right that even allegedly could have been violated. He has not identified any property interest of which he was allegedly deprived, any specific process to which he would have been entitled as a property interest, any City Commission approval of that property interest, or how the process employed by the City or any Defendant lacked fundamental fairness. He therefore cannot establish a Fourteenth Amendment violation by any Defendant, and those claims should be dismissed.

     **1. Coronado has not identified a Procedural Due Process claim.**

  4.07 Procedural due process involves the right to a pre-deprivation hearing before a party is deprived of a recognized property interest. *Roth*, 408 U.S. at 570 n.7, 92 S. Ct. at 2705 n.7. It is only after a property interest has been identified, however, and only under

certain circumstances, that a pre-deprivation hearing will be required. *Id.*, 408 U.S. at 570-75, 92 S. Ct. 2705-08. "The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971). That process is only "an initial check against mistaken decisions," and "need not be elaborate." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985). For such a hearing, Coronado would only be entitled to notice and an opportunity to respond. *See Id.*, 470 U.S. at 546, 105 S. Ct. at 1495. Even if he could establish a recognized property interest, Coronado has not identified any basis to support entitlement to a pre-deprivation hearing or how the process adopted by the City Council or any Defendant lacked "fundamental fairness."

### 2. Coronado has not identified a Substantive Due Process claim.

4.08 A substantive due process claim involves the process to which a party is entitled *after* he has been deprived of a recognized property interest. *See Id.*, 470 U.S. at 541-46, 105 S. Ct. at 1491-96.

> [T]he Fifth Circuit held that when a state-created property right is at stake, substantive due process rights essentially mirror procedural due process rights. In other words, because the right springs from state law, not the Constitution, a violation of the right does not occur (and therefore is not actionable) until the state fails to correct the deprivation in post-deprivation proceedings.

*Tregre v. Harris County Sheriff's Dep't*, 2008 U.S. Dist. LEXIS 37384, 2008 WL 1998870, at *10 (S.D. Tex. May 7, 2008). As with a pre-deprivation hearing, before any post-deprivation process may be due, Coronado must first identify an alleged property right

established by the City and he must request a hearing to consider that deprivation. *Loudermill*, 470 U.S. at 538, 105 S. Ct. at 1491. *See also Ayers v. Bd. of Regents Univ. of Tex. Sys.*, 557 Fed. Appx. 263, 273 (5th Cir. Tex. 2014); *Ferraz-Da Silva v. Holder*, 523 Fed. Appx. 274 (5th Cir. 2013) (*per curiam*). Without reference to a property interest recognized by the City, or any process of which he was allegedly deprived, Coronado cannot establish a deprivation of substantive or procedural due process. His due process claim must therefore be dismissed.

C. **Coronado has not identified an authorized conspiracy claim.**

4.09 Though Coronado makes a general claim of conspiracy against Defendants, he has not identified any specific acts allegedly performed in furtherance of the conspiracy or otherwise alleged facts to establish the elements of a federal conspiracy. Plntf's Cmplt, Dkt No.1 ¶ 43. "In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 Fed.2d 1178, 1187 (5th Cir. 1990). "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "A conspiracy by itself … is not actionable under section 1983." *Pfannstiel*, 918 Fed.2d at 1187. "[A] conspiracy is not actionable in the absence of an actual violation of § 1983…." *Gonzales v. City of Corpus Christi*, 2005 U.S. Dist. LEXIS 28939, 2005 WL 3058168, at *20 (S.D. Tex., Nov. 9, 2005).

4.10 "'[M]ere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *quoting Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986). "To support [his] conspiracy claims, [Coronado] must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994), *citing Arsenaux,* 726 F.2d at 1024; *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir.1984).

4.11 Furthermore, Coronado cannot establish a conspiracy claim against Defendants where each of the alleged conspirators are City officials or employees. Because each of the alleged conspirators are City officials or employees, the "'intracorporate conspiracy' doctrine requires dismissal of this claim. Under Fifth Circuit law, a municipality and its employees are considered to be a single legal entity, and the entity is therefore incapable of conspiring with itself for purposes of satisfying § 1983." *Garza v. United States Marshals Serv.*, 2008 U.S. Dist. LEXIS 12806, at *11 (S.D. Tex. Feb. 21, 2008). *See also Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) (holding corporate entity and its employees constituted single entity incapable of conspiracy under § 1985); *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (holding same for school board and its employees); *Thompson v. City of Galveston*, 979 F. Supp. 504, 511-12 (S.D. Tex. 1997); *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022 (S.D. Tex. 1996), *aff'd,* 122 F.3d 1066 (5th Cir. 1997).

4.12   Because Coronado has not identified facts to establish the elements of a federal conspiracy claim, or any basis to overcome the intracorporate conspiracy doctrine, this claim must be dismissed as well.

**D.   Coronado may not pursue an exemplary damages claim against the City.**

4.13   Though Coronado alleges entitlement to exemplary damages from Defendants, he identified no facts or authority that would support a claim for exemplary damages from the City.  Plntf's Cmplt, Dkt No. 1, ¶¶ 47, 62 & Prayer ¶ 5.  Regardless, any such claim is barred by federal and state law.  *Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 129, 123 S. Ct. 1239, 1246, 155 L. Ed. 2d 247, 257 (2003); *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259-260, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); *City of LaPorte v. Barfield*, 898 S.W.2d 288, 299 (Tex. 1995); TEX. CIV. PRAC. & REM. CODE §101.024.  Because Coronado has not identified any authority to recover exemplary damages from the City of Mercedes, that claim should be dismissed.

**E.   Coronado may not recover expert fees or litigation expenses**

4.14   Coronado also seeks to recover "expert fees" pursuant to 42 U.S.C. §§ 1988 and 12205.  While courts may allow a prevailing party to recover a reasonable attorney's fee as part of the costs in an action to enforce a claim under § 1983, that section only authorizes recovery of expert fees for claims under §§ 1981 or 1981a, and Coronado is not pursuing a claim under either of those sections.  *See* 42 U.S.C. § 1983(b) & (c). "Section 1988 does not authorize awards of expert witness fees because §1988 supplies no '"explicit statutory authority"' to award expert witness fees." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct.

873, 878 (2019), *quoting W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83, 87, 111 S. Ct. 1138, 1141 (1991) & *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S. Ct. 2494, 2496 (1987).

  4.15 Similarly, a prevailing party may recover litigation expenses pursuant to 42 U.S.C. § 12205. That section provides that in an action to enforce a claim under the Americans with Disabilities Act (ADA), a prevailing party may recover a reasonable attorney's fee, including litigation expenses. Coronado is also not pursuing an ADA claim under 42 U.S.C. § 12112, however. Regardless, his request for litigation expenses also would not authorize recovery of expert witness fees because a "statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in [28 U.S.C.] §§1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St., Inc.*, 139 S. Ct. at 878.

  4.16 Because Coronado is not pursuing a claim under 42 U.S.C. §§ 1981, 1981a or 12112, neither § 1988 nor § 12205 authorize the recovery "expert fees" in this action.

## V.

## CONCLUSION AND PRAYER

  5.01 Because Plaintiff failed to identify any facts or authority on which relief may be granted for his alleged violations of the Fourteenth Amendment, for conspiracy or for the recovery of exemplary damages against the City or "expert fees" or litigation expenses against any Defendant, those claims against Defendants should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF MERCEDES, TEXAS, HENRY HINOJOSA** and **DAGOBERTO CHAVEZ, JR.** would respectfully request that Plaintiff's Fourteenth Amendment and conspiracy claims, and his claims for recovery of expert fees and litigation expenses against all Defendants, along with his exemplary damages claims against the City, be dismissed for failure to state a claim upon which relief can be granted, and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

*/s/ J. Arnold Aguilar*
J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
email: arnold@aguilarzabartellc.com

AGUILAR★ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas  78520
(956) 504-1100
(956) 504-1408 (fax)

Attorneys for Defendants
**CITY OF MERCEDES, TEXAS, HENRY HINOJOSA** and **DAGOBERTO CHAVEZ, JR.**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT** will on this the 14th day of July, 2020, be automatically accomplished through the Notice of Electronic Filing upon the following:

 Omar Ochoa
 oochoa@omarochoalaw.com
 OMAR OCHOA LAW FIRM PC
 121 N. 10th St.
 McAllen, Texas  78501

              */ s /     J. Arnold Aguilar*
               J. Arnold Aguilar