IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ISRAEL CORONADO | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | M – 20 – 169 |
| THE CITY OF MERCEDES, HENRY | § | |
| HINOJOSA, and DAGOBERTO CHAVEZ, JR. | § | JURY REQUESTED |

## DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

Defendants **CITY OF MERCEDES, TEXAS, HENRY HINOJOSA** and **DAGOBERTO CHAVEZ, JR.** submit this Original Answer to Plaintiff's Complaint.

## I.

## RESPONSE TO PLAINTIFF'S COMPLAINT

(1) Defendants admit Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violation of his First Amendment rights and false arrest, as alleged ¶ 1. Defendants deny the remaining allegations in ¶ 1.

(2) Defendants admit the allegations made in ¶¶ 2 and 3.

(3) Defendants admit Defendant Hinojosa is being sued in his individual capacity, as alleged in ¶ 4. Because Plaintiff does not specify "all pertinent times" to which he refers, however, Defendants can neither admit nor deny the remaining allegations in ¶ 4. Defendants would therefore deny those remaining allegations.

(4) Defendants admit Defendant Chavez is being sued in his individual capacity, as alleged in ¶ 5. Because Plaintiff does not specify "all pertinent times" to which he refers, however, Defendants can neither admit nor deny the remaining allegations in ¶ 5. Defendants would therefore deny those remaining allegations.

(5) Defendants admit Plaintiff is making the allegations in ¶¶ 6 and 7, which thereby invoke the jurisdiction and venue of this Court, but deny the merit of those allegations.

(6) Defendants admit that on September 17, 2019, members of the Mercedes community attended an open meeting of the City Commission, at which the agenda included an item to consider censure, and to schedule a hearing to consider removal, of Commissioner Leonel Benavidez, who was first elected in May 2019 and had served less than 5 months as of that time, as alleged in ¶ 8. Defendants deny the remaining allegations in ¶ 8.

(7) Defendants do not have sufficient information to admit or deny how certain community members interpreted certain agenda items or whether Benavidez's supporters intended to speak out against those agenda items during the public comments section of the Commission meeting, as alleged in ¶ 9. Defendants would therefore deny those and all remaining allegations in ¶ 9.

(8) Defendants admit that the northside and westside doors to City Hall are always locked at 5:00 p.m. on weekdays and that the southside door was locked after the

maximum occupancy for fire safety in the City Commission meeting room had been reached, as alleged in ¶ 10. Defendants deny the remaining allegations in ¶ 10.

(9)    Defendants admit that before the start of the meeting scheduled for 6:00 p.m., Mayor Hinojosa, three City Commissioners, the City Manager and City Attorney sat at the dais overlooking members of the public, as alleged in ¶ 11. Defendants deny the remaining allegations in ¶ 11.

(10)    Defendants admit that Plaintiff was present at City Hall, that three residents were arrested and that the meeting began as scheduled at 6:00 p.m., as alleged in ¶ 12. Defendants deny the remaining allegations in ¶ 12.

(11)    Defendants admit the allegations in ¶ 13.

(12)    Defendants do not have sufficient information to admit or deny the allegations made in ¶¶ 14 – 16. Defendants would therefore deny those allegations.

(13)    Defendants deny that Plaintiff collected the required number of valid signatures for a recall effort and admit that Plaintiff turned in signatures on incomplete documents that were rejected by the City Secretary, as alleged in ¶ 17. Defendants do not have sufficient information to admit or deny the remaining allegations made in ¶ 17. Defendants would therefore deny those allegations.

(14)    Defendants do not have sufficient information to admit or deny the allegations made in ¶ 18. Defendants would therefore deny those allegations.

(15)    Defendants object to the multifarious nature of the allegations made in ¶ 19, deny that the City's leadership took action to prevent him from exercising First Amendment

rights, deny that the City retaliated against him and deny that the Mayor or the Chief of Police are the City's final decision makers.

(16) Defendants admit that on December 3, 2019, Plaintiff was arrested, that he and several other Mercedes residents attended the City Commission meeting, that the Commission entered closed session at approximately 9:08 p.m., and that he left City Hall thereafter, as alleged in ¶ 20. Defendants do not have sufficient information to admit or deny the remaining allegations made in ¶ 20. Defendants would therefore deny those remaining allegations.

(17) Defendants admit that Plaintiff was followed by police officers after he left the City Commission meeting and was arrested for disrupting a meeting or procession, a Class B misdemeanor, as alleged in ¶ 21. Defendants deny the remaining allegations in ¶ 21.

(18) Defendants admit that Plaintiff was not in a public meeting at the time he was arrested for disrupting a public meeting three months earlier, on September 17, as alleged in ¶ 22. Defendants do not have sufficient information to admit or deny whether he was buying pizza for hungry activists. Defendants would therefore deny that and all remaining allegations in ¶ 22.

(19) Defendants admit that Plaintiff did not resist arrest and that he complied with instructions, called his wife to pick up his vehicle, and was booked into the Weslaco Jail for the night, as alleged in ¶ 23. Defendants deny the remaining allegations in ¶ 23.

(20) Defendants object to the multifarious nature of the allegations made in ¶ 24 and deny Chief Chavez engaged in any conspiracy, that he was not trained on criminal

arrests and First Amendment activity, that there was any unconstitutional retaliation, that Chief Chavez executed or sanctioned any retaliation, and that he presented an arrest warrant to Justice of the Peace Gilbert Saenz based on false statements.

(21) Defendants object to the multifarious nature of the allegations made in ¶ 25. Although that paragraph does not make any factual allegations to admit or deny, Defendants deny any government officials targeted anyone speaking out against them.

(22) Defendants do not have sufficient information to admit or deny whether the Hidalgo County District Attorney's office moved to dismiss the criminal complaint against Defendant on or about May 15, 2020, without prosecuting the charge and whether all criminal liability was closed, as alleged in ¶ 26. Defendants would therefore deny those and the remaining allegations in ¶ 26.

(23) Defendants admit the allegations made in ¶ 27.

(24) Defendants deny the allegations made in ¶¶ 28 – 32.

(25) Because Plaintiff does not specify which City policies he alleges were effected by the City, Mayor, Chief of Police, officers and employees acting under color of state law, or the actions allegedly undertaken to effect those policies, Defendants can neither admit nor deny the allegations in ¶ 33. Defendants would therefore deny those allegations.

(26) Defendants deny the allegations made in ¶¶ 34 – 36.

(27) Because Plaintiff does not specify which actions he alleges were taken pursuant to a custom, policy, or decision of the Mayor or Chief of Police, or the basis to establish such persons had final policymaking authority to establish any custom or policy,

Defendants can neither admit nor deny the allegations in ¶ 37. Defendants would therefore deny those allegations.

(28) Defendants deny the City had a campaign to harass, retaliate, or punish Plaintiff and that he has been deprived of any of the rights alleged in ¶¶ 38 - 40.

(29) Defendants deny the allegations made in ¶ 41.

(30) Because Plaintiff does not specify which actions he alleges were maintained under color of law or under color of Defendants' offices, or the basis to establish which of those actions were taken under color of law or office, Defendants can neither admit nor deny the allegations in ¶ 42. Defendants would therefore deny those allegations.

(31) Defendants deny the allegations made in ¶¶ 43 – 45.

(32) Defendants do not have sufficient information to admit or deny the allegations made in ¶ 46. Defendants would therefore deny those allegations.

(33) Because Plaintiff does not specify which acts he alleges were egregious, malicious or worthy of sanction, or any basis to establish those acts were egregious, malicious or worthy of sanction, Defendants can neither admit nor deny the allegations in ¶ 47. Defendants would therefore deny those allegations.

(34) Defendants deny the allegations made in ¶ 48.

(35) Defendants acknowledge that Plaintiff seeks the damages alleged in ¶ 49(a)-(e), but deny Plaintiff is entitled to recover any of those alleged damages.

(36) Defendants admit that on December 3, 2019, Plaintiff was arrested after leaving a Mercedes City Council meeting, as alleged in ¶ 50. Defendants do not have

sufficient information to admit or deny the remaining allegations made in ¶ 50. Defendants would therefore deny those remaining allegations.

(37) Defendants deny the allegations made in ¶¶ 51 – 54.

(38) Defendants admit the allegations made in ¶ 55

(39) Defendants do not have sufficient information to admit or deny the allegations made in ¶ 56. Defendants would therefore deny those allegations.

(40) Defendants deny the allegations made in ¶ 57.

(41) Defendants do not have sufficient information to admit or deny the allegations made in ¶ 58. Defendants would therefore deny those allegations.

(42) Defendants deny the allegations made in ¶¶ 59 – 60.

(43) Defendants acknowledge that Plaintiff seeks the damages and relief alleged in ¶ 61(a)-(c), but deny Plaintiff is entitled to recover any of those alleged damages or relief.

(44) Because Plaintiff does not specify which acts he alleges were willful, egregious, malicious or worthy of sanction, or any basis to establish those acts were willful, egregious, malicious or worthy of sanction, Defendants can neither admit nor deny the allegations in ¶ 62. Defendants would therefore deny those allegations.

(45) Defendants acknowledge that Plaintiff requests a jury trial, as asserted in ¶ 62(1).

(46) Defendants deny the allegations made in ¶ 62(2) & (3).

(47) Defendants acknowledge that any of Plaintiff's inconsistent facts and/or causes of action are pled in the alternative, as asserted in ¶ 62(4).

(48) Defendants acknowledge that Plaintiff seeks the damages and relief alleged in ¶ 62(5), but deny Plaintiff is entitled to recover any of those alleged damages or relief.

## II.

## ASSERTION OF SOVEREIGN IMMUNITY

(49) Plaintiffs cannot recover, directly or indirectly, from Defendant **CITY OF MERCEDES, TEXAS** because it is entitled to sovereign or governmental immunity for all allegations raised against it.

## III.

## ASSERTION OF QUALIFIED IMMUNITY

(50) Plaintiffs cannot recover, directly or indirectly, from Defendants **HENRY HINOJOSA** and **DAGOBERTO CHAVEZ, JR.** because they are each entitled to qualified or official immunity for all allegations raised against each of them.

## IV.

## JURY DEMAND

(51) Defendants request a trial by jury.

Defendants **CITY OF MERCEDES, TEXAS, HENRY HINOJOSA** and **DAGOBERTO CHAVEZ, JR.** pray that upon final trial and hearing hereof that they have judgment on their behalf, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and that Defendants be granted such other and further relief, both special and general, at law and in equity, to which they may show themselves to be justly entitled.

Signed on this the 16th day of September, 2020.

           Respectfully submitted,

        */s/*  *J. Arnold Aguilar*
          J. Arnold Aguilar
          Attorney-in-Charge
          State Bar No. 00936270
          Federal Adm. No. 6822
          email: arnold@aguilarzabartellc.com

          AGUILAR ★ ZABARTE, LLC
          Of Counsel
          990 Marine Drive
          Brownsville, Texas  78520
          Telephone : (956) 504-1100
          Facsimile : (956) 504-1408

          Attorneys for Defendants
          **CITY OF MERCEDES, TEXAS,**
          **HENRY HINOJOSA** and
          **DAGOBERTO CHAVEZ, JR.**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT** will on this the 16th day of September, 2020, be automatically accomplished through the Notice of Electronic Filing upon the following:

Omar Ochoa
OMAR OCHOA LAW FIRM PC
121 North 10th Street
McAllen, Texas  78501
oochoa@omarochoalaw.com

          */s/*  *J. Arnold Aguilar*
            J. Arnold Aguilar